UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LISA J. GILLARD,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES DISTRICT COURT FOR<br>THE DISTRICT OF MASSACHUSETTS<br><br>    Defendant. | Civil Action No. 16-10750-DJC |

## MEMORANDUM AND ORDER

**CASPER, J.**                                                                                                          April 27, 2016

Plaintiff Lisa J. Gillard filed this *pro se* action on April 18, 2016.  For the reasons stated below, the complaint is dismissed pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure.

### BACKGROUND

Lisa J. Gillard, who describes herself as an Afro African American female citizen over the age of forty with a legally protected cognitive disability, Attention Deficit Disorder (ADD) and dyslexia, brings suit against the United States District Court for the District of Massachusetts.  See D. 1.  With her complaint, she filed an Application to Proceed in District Court Without Prepaying Fees or Costs and a supporting Affidavit.  See D. 2.  In her complaint, Gillard explains that she previously filed suit against The President and Fellows at Harvard College for alleged discrimination in the denial of her employment and admissions applications.  Specifically, Gillard challenges orders that were made by Judge Sorokin in Gillard v. The President and Fellows at

1

Harvard College, Civil Action No. 15-10052, and Gillard v. The President and Fellows at Harvard College, Civil Action No. 15-13944, complaining that her Applications to Proceed in District Court Without Prepaying Fees or Costs were denied and the cases were closed.

Gillard alleges violation of her "due process rights"; 28 U.S.C. § 455, "Disqualification of justice, judge or magistrate" and 28 U.S.C. § 144, "Bias or prejudice of judge." She alleges that she has been subject to discrimination. For relief, she seeks monetary damages from the Court, from the President and Fellows at Harvard College as well as equitable relief including tuition-free admission to Harvard Law School.

## DISCUSSION

A court has an obligation to inquire *sua sponte* into its own jurisdiction. See McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004). Federal district courts may exercise subject matter jurisdiction in accordance with congressional grants of authority such as for suits raising federal questions, 28 U.S.C. § 1331, and those involving diversity of citizenship and at least the minimum requisite amount in controversy, id. § 1332. See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 291 (2005). "[T]he party invoking the jurisdiction of a federal court carries the burden of proving its existence." Calderon–Serra v. Wilmington Trust Co., 715 F.3d 14, 17 (1st Cir. 2013) (quoting Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995) (internal quotation marks omitted)). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

In conducting this inquiry, the Court will not rule on Gillard's Application to Proceed in District Court Without Prepaying Fees or Costs and will read Gillard's complaint with "an extra degree of solicitude," Rodi v. Ventetuolo, 941 F.2d 22, 23 (1st Cir.1991), due to her *pro se* status,

see id.; see also Strahan v. Coxe, 127 F.3d 155, 158 n.l (1st Cir. 1997) (noting obligation to construe *pro se* pleadings liberally) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)).

Plaintiff has named as sole defendant the United States District Court for the District of Massachusetts. The undersigned notes that Judge Sorokin is not listed in the complaint's caption or "parties" section as a separate defendant in this case and the complaint does not allege any personal bias or prejudice on the part of the undersigned. However, even if she did allege a bias or prejudice on the part of the undersigned, pursuant to the common law "rule of necessity," a judge is not disqualified to try a case because of a personal interest in the matter at issue if "the case cannot be heard otherwise." United States v. Will, 449 U.S. 200, 213 (1980) (holding that the rule of necessity is an exception to the recusal requirements of 28 U.S.C. § 455). Thus, the recusal is not required.

Here, the allegations in the complaint fail to provide this Court with subject matter jurisdiction. This Court lacks subject matter jurisdiction over Gillard's complaint because the United States has not waived its sovereign immunity. The United States, as sovereign, is immune from suit unless it expressly consents to be sued. United States v. Testan, 424 U.S. 392, 399 (1976); Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 410 (1971). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." FDIC v. Meyer, 510 U.S. 471, 475 (1994). "Sovereign immunity is jurisdictional in nature." Id. A waiver of sovereign immunity exists only if the government expressly consents to be sued, and such consent "must be unequivocally expressed in the statutory text[; it] will not be implied." Lane v. Pena, 518 U.S. 187, 192 (1996). "[T]he party invoking the jurisdiction of a federal court carries the burden of proving its existence." Johansen v. United States, 506 F.3d 65,

68 (1st Cir. 2007) (quoting Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995)). Gillard has not met her burden in this case.

To the extent Gillard intended to assert a constitutional claim against Judge Sorokin, it is well settled that judges have absolute immunity from a claim for damages arising out of their judicial actions. Mireless v. Waco, 502 U.S. 9, 12 (1991). In any event, Gillard's recourse from Judge Sorokin's adverse rulings was to file an appeal with the United States Court of Appeals for the First Circuit.

### IV.   Conclusion and Order

Based on the foregoing, it is hereby Ordered that:

1)   This action is dismissed for want of subject matter jurisdiction, pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure; and

2)   The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal of this order would not be taken in good faith.

**SO ORDERED.**

    /s/ Denise J. Casper
Denise J. Casper
United States District Judge