UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LISA J. GILLARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 16-10750-DJC |
| ) | |
| UNITED STATES DISTRICT COURT FOR ) | |
| THE DISTRICT OF MASSACHUSETTS ) | |
| ) | |
| Defendant. ) | |
| ) | |

## ORDER

**CASPER, J.**                                                                                          May 12, 2016

By Memorandum and Order dated April 27, 2016, this action was dismissed for want of subject matter jurisdiction. See D. 5. On April 28, 2016, the day after this case was closed, Plaintiff's amended complaint was filed. See D. 7. Apparently, Plaintiff mailed an amended complaint to the court before receiving a copy of the Court's order dismissing the case. Plaintiff subsequently filed a Motion for Relief from Judgment or Order, an Amended Motion for Relief from Judgment or Order and two Memoranda of Law. See D. 8 – 11.

As to Plaintiff's Motions for Relief from Judgment, Plaintiff fails to state any legitimate basis to have this Court reconsider its prior order to dismiss this action. Rule 60(b) of the Federal Rules of Civil Procedure authorizes a court to grant a party relief from a prior final judgment for certain enumerated reasons. Here, Plaintiff moves to reopen pursuant to Rule 60(b)(1) due to "mistake, inadvertence, surprise, or excusable neglect" stating that there was "a misapplication of the federal rules and regulations." See D. 9. The granting of a motion for reconsideration is "an

1

extraordinary remedy which should be used sparingly." Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006). Because Plaintiff fails to establish that reconsideration is warranted, the motions will be denied.

Additionally, the amended complaint will be disregarded because it was improperly filed in a closed case. See Fisher v. Kadant, 589 F. 3d 505, 509 (1st Cir. 2009) (holding that unless Rule 60 motion allowed, and judgment set aside, "the case is a dead letter, and the district court is without power to allow an amendment to the complaint because there is no complaint left to amend."). Even so, the Court notes that the amended complaint would not have altered the dismissal of this case because the amended complaint is identical to the original complaint except that it simply corrects the title of Section H from "Count Three" to "Count Four" and attaches two exhibits that were not included with the original complaint.

Finally, it has come to the Court's attention that Plaintiff has been contacting several court employees, including the Clerk of Court, by email in regard to this case. Any further relief that Plaintiff seeks shall be by motion, properly filed in accordance with the Federal Rules of Civil Procedure and this Court's Local Rules. Plaintiff shall stop contacting court employees by e-mail and is advised to write and file with the Clerk of Court any filings or inquiries for this Court.

**SO ORDERED.**

    /s/ Denise J. Casper
Denise J. Casper
United States District Judge