UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| LISA J. GILLARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 16-10750-DJC |
| | ) | |
| UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS | ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### ORDER

**CASPER, J.**                                                                                     July 22, 2016

Now before the Court is Plaintiff Lisa J. Gillard's Motion for Relief from Judgment or Order Pursuant to Rule 60(b). For the reasons stated below, the motion is denied and plaintiff is warned of the Court's authority to sanction vexatious litigants.

### BACKGROUND

Plaintiff Lisa J. Gillard ("Gillard") commenced this action on April 18, 2016, by filing a complaint against the United States District Court for the District of Massachusetts. See D. 1. With her complaint, she filed an application to proceed in district court without prepaying fees or costs and a supporting affidavit. See D. 2. In her complaint, Gillard challenged rulings made by Judge Sorokin in Gillard v. The President and Fellows at Harvard College, Civil Action No. 15-10052, and Gillard v. The President and Fellows at Harvard College, Civil Action No. 15-13944.

By Memorandum and Order dated April 27, 2016, this action was dismissed for want of subject matter jurisdiction. See D. 5. Gillard subsequently filed an amended complaint, a motion

1

for relief from judgment or order, an amended motion for relief from judgment or order, a motion to strike, a motion to consolidate cases and four memoranda of law.  See D. 7 – 11, 13 - 16.  Gillard's motions were denied by Orders dated June 8, 2016.  See D. 19 – 20.

Now before the Court is Gillard's Motion for Relief from Judgment or Order Pursuant to Rule 60(b).  See D. 20.  Gillard seeks relief from judgment in this action, as well as Gillard v. The President and Fellows at Harvard College, Civil Action No. 15-10052-LTS and Gillard v. The President and Fellows at Harvard College, Civil Action No. 15-13944-LTS.  Gillard references the "so-called 'Bursting Bubble' theory" in support of her request to reopen and consolidate these three actions.  Id.  She contends that the Court has denied her "individual rights to redress grievances under the First, Fifth and Eighth Amendment under the Bill of Rights, notwithstanding the Fourteenth Amendment of the U.S. Constitution and the Declaration of Independence as an indigent minority."  Id.  Gillard complains that her motions have been "continually" denied and that such actions "by the Court are considered 'cruel' and 'unusual' punishment by law."  Id.

## DISCUSSION

Plaintiff's a motion for relief from judgment or order pursuant to Rule 60(b), see D. 20, fails to state any legitimate basis to have this Court reconsider its prior orders.  The Court finds Gillard's arguments unpersuasive as they reiterate some of the arguments that the Court previously considered and rejected.  Gillard's post-judgment motions suggest an unwillingness to accept the disposition of this action or to accept the finality of rulings in other actions as well as she seeks to have this Court reopen the closed 2015 actions.  See D. 20.

In 2010, Gillard pursued a second discrimination lawsuit against the Southern New England School of Law despite the fact that her first lawsuit, Gillard v. Southern New England

School of Law, No. 05-10244-RCL, was dismissed on the merits when the district court entered summary judgment for the defendant on all of her claims.  See Gillard v. Southern New England School of Law, No. 10-10427-RGS (Jul 23, 2010 dismissed as barred by res judicata), aff'd No. 10-2143 (1st Cir. Feb. 7, 2011), cert. denied, 563 U.S. 1030 (2011) (the Clerk of the United States Supreme Court was directed not to accept any further petitions in noncriminal matters from Gillard due to her repeated abuse of that Court's process).  Gillard's motion for reconsideration of order denying leave to proceed *in forma pauperis* was denied.  Gillard v. Southern New England School of Law, -- U.S. --, 132 S. Ct. 83 (Oct. 3, 2011).

Given plaintiff's litigious history, this Court now finds that plaintiff's post-judgment motions are without merit and her conduct is vexatious and an abuse of the processes of this Court for the administration of justice.[1]  The Court recognizes that when Gillard was directed to stop contacting court employees by email, see D. 12, she appears to have followed the Court's instructions.  See Docket.

A district court has the power to enjoin litigants who abuse the court system by filing groundless and vexatious litigation.  Elbery v. Louison, 201 F.3d 427, 1999 WL 1295871 at *2 (1st Cir. 1999) (per curiam) (citing Cok v. Family Court of Rhode Island, 985 F.2d 32, 34 (1st Cir. 1993)).  Under Fed. R. Civ. P. 11, the Court may impose sanctions on an unrepresented party if she submits a pleading for an improper purpose or if the claims within it are frivolous or malicious.

---

[1] Vexatious conduct occurs where a party's actions are "frivolous, unreasonable, or without foundation." Local 285 Serv. Employees Int'l v. Nontuck Res. Assoc., Inc., 64 F.3d 735, 737 (1st Cir. 1995) (internal citations omitted); accord Alexander v. United States, 121 F.3d 312, 315-16 (7th Cir. 1997) (sanction appropriate when "objectively unreasonable litigation-multiplying conduct continues despite a warning to desist"). Vexatious conduct may be found even in the absence of subjective bad intent, Local 285 Serv. Employees Int'l, 64 F.3d at 737.

See Fed. R. Civ. P. 11(b)(1), (2); Eagle Eye Fishing Corp. v. Department of Commerce, 20 F.3d 503, 506 (1st Cir. 1994) (*pro se* parties, like all parties and counsel are required to comply with the Federal Rules of Civil Procedure); Pronav Charter II, Inc. v. Nolan, 206 F. Supp. 2d 46, 53 (D. Mass. 2002) (Rule 11 applies to *pro se* litigants) (citation omitted).  Rule 11 exists, in part, to protect defendants and the Court from wasteful, frivolous and harassing lawsuits and provides for sanctions as a deterrent.  See Navarro-Ayala v. Nunez, 968 F.2d 1421, 1426 (1st Cir. 1992).  In addition to Rule 11, section 1927 of Title 28 provides for the imposition of costs and expenses, including attorneys' fees, against a person for unreasonable and vexatious litigation.  28 U.S.C. § 1927.

Apart from authority under Rule 11 and § 1927, a district court has the inherent power to manage its own proceedings and to control the conduct of litigants who appear before it through orders or the issuance of monetary sanctions for bad-faith, vexatious, wanton or oppressive behavior.  See Chambers v. Nasco, Inc., 501 U.S. 32, 46-50 (1991); accord United States v. Kouri-Perez, 187 F.3d 1, 6-8 (1st Cir. 1999) (same).

## CONCLUSION

Based on the foregoing, it is hereby Ordered that:

1) Plaintiff's Motion (D. 20) for Relief from Judgment or Order Pursuant to Rule 60(b) is denied; and

2) Plaintiff is cautioned that she is subject to:   1) being enjoined from filing further actions in this Court absent prior permission from a district judge; 2) monetary sanctions should she make any additional frivolous, malicious, vexatious, and/or otherwise unreasonable submissions to this Court.

**SO ORDERED.**

                                                /s/ Denise J. Casper
                                                Denise J. Casper
                                                United States District Judge